Martin Evans, J.
This is a motion by petitioner for an order, pursuant to CPLR 2004 and section 774 of the Judiciary Law, adjourning the review of commitment scheduled for April 14, 1975. The issue presented is whether the 90-day period for review of commitment mandated by section 774 of the Judiciary Law commences from: (1) the date of the commencement of the prior hearing; (2) the date of the conclusion of testimony; (3) the date that the matter is finally submitted by counsel to the court for its determination; (4) the date upon which the court reaches its decision on the prior review of commitment hearing.
No prior decisions on this point appear to have been reported, and it appears that this matter is one of first impression. Subdivision 2 of section 774 of the Judiciary Law provides in part that "At periodic intervals of not more than ninety days following such review, the offender * * * shall be brought * * * as a matter of course personally before the court imposing such imprisonment and further reviews of the proceedings shall then be held to determine whether such offender shall be discharged”.
Respondent Rosoff has been brought before this court for review of his civil commitment at nearly regular intervals of *200 90 days, initially after the original commitment, and thereafter following each hearing. Because the previous hearings lasted only one or two days and extended leaves were not sought for posthearing memoranda, the question of when the 90 days commences to run previously has not been an issue. On this last review of commitment, the hearing concluded on January 16, 1975. The court offered to render its decision at that time. However, respondent’s attorney requested a 10-day leave to file a posthearing memorandum, petitioner’s attorney then requested time to file an answering memorandum, and thereafter respondent’s attorney requested time to file a reply memorandum. The court agreed to this posthearing arrangement, and all memoranda were finally submitted on February 11,1975. The court rendered its decision on April 1, 1975.
Analyzing the possible determinative dates individually, it is the opinion of this court that the only practical date for commencing the calculation of the 90-day period is from the time that all matters relating to the previous review, including all additional evidence or posttrial memoranda, have been finally submitted by counsel to the court for determination. Any other reading of the statute would not seem appropriate.
The argument of respondent that the date of the review of commitment hearing should be calculated from the date of the commencement of the prior hearing is valid only when a hearing commences and concludes on the same day. Testimony on a hearing may last for several days (as in this case), weeks (as in the review in a companion matter now sub judice), or even months. In the most remote instance, testimony may still be continuing in the prior hearing when a new 90-day review of commitment hearing would be scheduled. The purpose of the statute would not be served by this situation.
Calculating the 90-day period from the date that testimony is concluded would present the same situation. Counsel may request, as happened in this case, a period of time for submission of posttrial memoranda. These memoranda may be submitted within a matter of days, weeks (as in this case), or even months. The same result as described above would occur if this date were determinative.
Petitioner suggests that the period should be calculated from the date that the court reaches its decision on the previous review of commitment. For many reasons the court may be delayed in reaching a decision after final submission, *201 and defendant might be prejudiced if the period for further review were calculated from that date.
Therefore, the 90-day period for respondent RosofFs review of commitment having commenced on February 11, 1975, when the final posthearing memorandum was submitted to the court, this current review of his commitment is adjourned, and rescheduled for May 7,1975 at 11 a.m.